[Cite as *Lee v. Jackson*, 2017-Ohio-8296.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shelton A. Lee | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-283 |
| v. | : | (M.C. No. 2016 CVH 38049) |
| Richard Jackson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 24, 2017

**On brief:** *Percy Squire Co., LLC,* and *Percy Squire,* for appellant. **Argued:** *Percy Squire.*

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Defendant-appellant, Richard Jackson, appeals from the judgment entered in favor of plaintiff-appellee, Shelton A. Lee, after the Franklin County Municipal Court denied Jackson's request to continue a trial date. For the reasons set forth below, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}   Lee filed suit against Jackson, alleging that a floor jack in Jackson's garage had damaged the oil pan on Lee's Mercedes Benz after being towed there for repairs. (Dec. 2, 2016 Compl.) Jackson answered and filed a counterclaim, alleging that the lawsuit was frivolous. (Dec. 29, 2016 Answer.) A pretrial conference was scheduled for February 23, 2017. (Jan. 5, 2017 Notice.) Trial was scheduled for March 23, 2017. (Feb. 23, 2017 Notice.)

{¶ 3}   Neither Jackson nor his attorney appeared for the pretrial conference. On March 21, 2017, Jackson's attorney filed a request for a continuance of the trial date. In support of the motion, Jackson's attorney stated:

> This continuance is requested for the reason [that] the undersigned was required to appear in <u>State of Maryland, Department of Commerce et al v. Claud Anderson</u> (AP 15-00685), Greenbelt, Maryland on March 20, 2017 in U.S. Bankruptcy Court. In addition the undersigned has been required to be out of town extensively due to emergency medical issues concerning my 95 year old father. The undersigned is required to be [in] Youngstown, on March 21, 2017 to tend to the emergency medical needs of my father.

{¶ 4}   The next day, Jackson's attorney filed an amended request in which he cited a mediation in federal court on March 21, 2017 as an additional reason for the continuance. He also changed the date that he was required to be in Youngstown from March 21 to March 23, 2017. (Mar. 22, 2017 Am. Mot. to Continue.)

{¶ 5}   On the trial date of March 23, 2017, neither Jackson nor his attorney appeared. The trial court filed an entry and order noting that neither Jackson nor his attorney had appeared at the pretrial conference or the trial, and that Jackson's attorney had filed the motion for a continuance "out of rule." Accordingly, the motion was denied and judgment was entered in favor of Lee.

{¶ 6}   Jackson appeals and asserts the following assignment of error:

> The trial Court abused its discretion in denying Appellant's Motion to Continue the March 23, 2017 trial.

## II. STANDARD OF REVIEW

{¶ 7}   "A trial court has broad discretion when ruling on a motion for continuance, and an appellate court reviews the trial court's determination of a motion to continue a trial date for abuse of discretion." *Morgan v. Ohio State Univ. College of Dentistry*, 10th Dist. No. 13AP-287, 2014-Ohio-1846, ¶ 53, citing *Townsend v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-672, 2012-Ohio-2945, ¶ 55. An "unreasonable, arbitrary or unconscionable" action by the trial court amounts to an abuse of discretion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## III. ANALYSIS

{¶ 8}   Jackson argues that the trial court abused its discretion when it denied the request for a continuance, which was "based on an unfortunate but bona fide family medical emergency." (Appellant's Brief at 4.) Because the lawsuit arose from "a very simply dispute," any continuance granted by the trial court "would not have needed to be great." *Id.*

{¶ 9}   Both the original motion for a continuance and the amended motion stated that the reason for the requested continuance was that Jackson's attorney "was required to appear" in other court proceedings. The family illness was given as an additional reason. Jackson now argues that the sole reason for the requested continuance was the final illness of his attorney's father. While we are sympathetic to his loss, the trial court had discretion to accept or reject Jackson's reasoning.

{¶ 10} Under Loc.R. 3.04(A) of the Franklin County Municipal Court, "[a]ll motions must be presented and filed within rule, in writing, [and] accompanied by sufficient memoranda." Regarding continuances, Loc.R. 3.06 states the following:

> Once a case is assigned to a judge, requests for continuances of hearing dates shall be submitted to the judge assigned to the case at least five court days prior to the date of the hearing. Requests for continuance shall be by entry and shall include (1) reasons for the request, (2) whether the opposing party or counsel consents to the continuance, and (3) the date and time of the current assignment.

{¶ 11} In this case, the request for a continuance was untimely. Jackson's attorney filed the first motion two days before trial and the second motion the day before trial. Jackson's attorney did not seek leave to file the motion out of rule. Furthermore, there is no indication that Jackson's attorney asked opposing counsel to consent to a continuance, as required by the local rule. While another judge may have considered the fact that Jackson answered the complaint, that the case was only on the docket for 90 days, that there was no evidence of dilatory practices, and that this was Jackson's first request for a continuance, and ultimately granted the continuance, we still, in light of the trial court's rigid handling of the matter, cannot find that the trial court abused its discretion in overruling the motions as untimely.

{¶ 12} The assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

TYACK, P.J. and DORRIAN, J., concur.
_____