[Cite as *Mesina v. Mesina*, 2025-Ohio-2517.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David Mesina, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-620 |
| v. | : | (C.P.C. No. 23DR-89) |
| Anna Mesina, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 17, 2025

**On brief:** *Ross A. Gillespie*, for appellee. **Argued:** *Ross A. Gillespie.*

**On brief:** *Gary J. Gottfried Co., L.P.A.*, and *Gary J. Gottfried*, for appellant. **Argued:** *Gary J. Gottfried.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

LELAND, J.

{¶ 1} Defendant-appellant Anna Mesina appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a divorce that terminates her marriage to plaintiff-appellee David Mesina and designating appellee sole legal custodian of the parties' two minor children.

I. Facts and Procedural History

{¶ 2} On January 11, 2023, appellee filed a complaint for divorce along with a shared parenting plan. On February 8, 2023, appellant filed her answer and counterclaim for divorce. On February 28, 2023, attorney Thomas A. Gjostein filed a notice of appearance on behalf of appellant and substitution of counsel, indicating appellant was

replacing her prior legal counsel, Catherine E. Beck, Ryan N. Sander, and the Legal Aid Society of Columbus, with Gjostein. On June 12, 2023, appellee withdrew his motion for shared parenting. On October 10, 2023, attorney Donald W. Roberts filed a notice of appearance and substitution of counsel, indicating appellant was replacing attorney Gjostein with Roberts. On November 22, 2023, the trial court entered a case management order imposing various filing deadlines. It also indicated it had set the trial date for April 30, 2024.

{¶ 3} On April 30, 2024, the first day scheduled for trial, Roberts indicated he was physically unable to proceed in representing appellant and requested a continuance. The trial court granted the continuance to allow Roberts to undergo a procedure on May 13, 2024. On May 13, 2024, the court issued a second case management order imposing filing deadlines and setting June 20 and 24, 2024 as the new dates for trial. Then, on May 23, 2024, Roberts filed a motion to withdraw as appellant's counsel of record, citing his extended physical recovery and "a breakdown in the attorney client relationship." (Mot. to Withdraw.) The court denied the motion to withdraw on June 6, 2024 because of "the impending trial date, [the trial court's] concerns over the lack of action on the case, the possibility of deliberate delay, and the age of the case." (Entry Denying Mot. to Withdraw at 2.) The court made clear even if appellant fired her counsel, "no continuance of the June 20, 2024, contested trial date will be given for [appellant] to seek replacement representation." (Entry Denying Mot. to Withdraw at 3.)

{¶ 4} On June 14 and 17, 2024, Roberts filed amended motions to withdraw as appellant's counsel of record, reiterating his physical inability to continue and underscoring the fact appellant discharged him as counsel. On June 20, 2024, the first day of trial, the trial court granted Roberts's motion to withdraw as appellant's counsel. Appellant then asked the court to continue the trial date to allow her to find replacement counsel, but the court denied appellant's motion, citing its previous statements that it would grant no additional continuances. Appellant repeatedly protested this decision as she represented herself at trial. Appellant, appellee, guardian ad litem Alise Price, and Dr. Allison Houle testified at trial. The court granted the parties a divorce and designated appellee the sole legal custodian and residential parent of the parties' two minor children. Other details of

the parties' parenting arrangements and obligations contained in the court's judgment are not relevant to the present appeal.

{¶ 5}    Appellant timely appealed.

## II.  Assignment of Error

{¶ 6}    Appellant assigns the following error for our review:

> The trial court abused its discretion when the trial court granted counsel's request to withdraw and denied the defendant's request for a continuance.

## III.  Discussion

{¶ 7}    Appellant maintains the trial court abused its discretion in proceeding to trial despite her lack of legal counsel and repeated oral motions for a continuance.

{¶ 8}    A trial court has broad discretion in ruling on a motion to continue a trial date.  *Lee v. Jackson*, 2017-Ohio-8296, ¶ 7 (10th Dist.), citing *Morgan v. Ohio State Univ. College of Dentistry*, 2014-Ohio-1846, ¶ 53 (10th Dist.); *State v. Unger*, 67 Ohio St.2d 65, 67 (1981) ("The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge.").  We review a trial court's determination of a motion to continue a trial date for an abuse of discretion.  *Lee*.  "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  (Internal quotations omitted.)  *Brim v. Brim*, 2022-Ohio-2596, ¶ 30 (10th Dist.).  Our review weighs " 'potential prejudice to the movant against the court's right to control its docket and the public's interest in the efficient dispatch of justice.' "  *Id.* at ¶ 31, quoting *In re K.J.*, 2018-Ohio-471, ¶ 17 (10th Dist.).  Courts deciding on a motion to continue a trial date consider the following factors: (1) the length of the delay requested; (2) whether there were other continuances or requests; (3) inconvenience to litigants, witnesses, opposing counsel, and the court; (4) whether the requested continuance is legitimate or rather dilatory or contrived; (5) whether the movant contributed to the need for a continuance; and (6) other factors unique to the facts of each case.  *Id.*, citing *Unger* at 67-68.

{¶ 9}    Here, the trial court duly considered each of these six factors.  First, the court explained that catching appellant's new counsel up to speed would likely delay a resolution to this long-pending case.  Second, the court noted it previously granted appellant a

continuance and informed her it would not grant another. Third, the court emphasized a second continuance would inconvenience all persons involved in this litigation given the acrimony of these divorce proceedings, the preparations that had been made for the June 20 and 24, 2024 trial dates, and the age of the case. Fourth, the court recognized that securing new counsel is typically a legitimate reason to seek a continuance, but, in the context of appellant's conduct in the present case, the court lacked confidence her request was made in good faith. Fifth, the court concluded appellant contributed to her need for a continuance by her decision to change legal counsel just before the start of trial. Sixth, the court stressed it had repeatedly informed appellant it would not grant another continuance for appellant to seek new counsel.

{¶ 10} Any prejudice inflicted on appellant by the trial court's denial of her motion to continue the trial was entirely avoidable. In the year and one-half it took this case to reach trial, appellant thrice retained then discharged her legal counsel. Perhaps appellant had good reason for each firing, and if so, the court provided appellant ample time and opportunity to find adequate counsel. Without a doubt, the court did not pull the rug out from appellant. It cautioned appellant that if she discharged her attorney, she would not receive a second continuance in order to secure new counsel. Appellant failed to heed the court's express warnings. Under these circumstances, the right of the court to control its docket and the right of appellee to the efficient dispensation of justice outweighed any prejudice to appellant. *See Brim* at ¶ 30.

{¶ 11} The trial court thoroughly explained its reasons for denying appellant's continuance motion. It gave appellant opportunities aplenty to proceed to trial with legal representation, but instead she discharged her attorney immediately before trial. We find no abuse of discretion in the court's decision to deny her continuance motion. Accordingly, we overrule appellant's sole assignment of error.

## IV. Conclusion

{¶ 12} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.

———————