[Cite as *Villagran v. McMullen*, 2025-Ohio-3080.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Deborah Villagran,                          :

    Plaintiff-Appellant,                 :

                                   No. 24AP-601

v.                                          :          (M.C. No. 2023 CVF 40338)

Paul McMullen et al.,                       :          (REGULAR CALENDAR)

    Defendants-Appellees.              :

---

D E C I S I O N

Rendered on August 28, 2025

---

**On brief:** *Sterling E. Gill, II*, for appellant.

**On brief:** *James Zafris*, for appellees.

---

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Deborah Villagran, appeals from a decision and judgment entry of the Franklin County Municipal Court granting judgment in favor of defendants-appellees, Paul McMullen and Advanced Services & Repairs ("ASR"), after a bench trial. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} As an initial matter, we observe that both appellant's merit brief and appellant's reply brief were filed "*instanter*," and each was filed two days late after previously having been granted extensions of time in which to file the respective briefs. Indeed, appellant acknowledges this in a footnote on page one of appellant's merit brief, explaining "[b]rief was due February 24, 2025. However, undersigned counsel's assistant did not return until February 25, 2025." (*Instanter* Brief of Appellant Deborah Villagran at 1.) Similarly, in a footnote on page one of appellant's reply brief, it is explained

"[a]ppellant Reply Brief was due on 05/12/25. However, Counsel's computer shutdown causing delay. And, further delay was necessitated due to having to shrink the document down to the size that did not exceed e-filing requirements." (*Instanter* Reply to Defendants-Appellees' Response Brief at 1.) Yet, appellant failed to seek leave to file either of the briefs *instanter*, nor did she otherwise request an additional extension of time in which to file her briefs.

{¶ 3}   Pursuant to App.R. 18, "[i]f an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal." App.R. 18(C); *see also* Loc.R. 10(C) of the Tenth District Court of Appeals. Nevertheless, as appellees have not raised an objection to the belated filings without leave or filed a motion to dismiss the appeal on these grounds, we decline to dismiss appellant's appeal and hereby accept and have considered the briefs of appellant as filed.

{¶ 4}   This dispute arises from repairs made to a 2003 Cadillac CTS automobile ("the Car") owned by appellant. On October 25, 2023, appellant filed a complaint in which she alleged that appellees performed certain repairs to the Car that appellant believed were necessary. According to the complaint, shortly after the repairs to the Car were made, the Car stopped functioning. The complaint asserts three counts: fraud, breach of contract, and defamation.[1] In her complaint, appellant seeks "damages in excess of $ 8,638.35. $1,275.00 for fraudulent repairs and charges; $1,191.00 Kelley Blue Book value of the vehicle; $1,120.00 for repairs from mechanic Jason Mills and $2, 586.40 for necessary car rentals." (Sic passim.)  (Oct. 25, 2023 Compl. at 6.)  Appellant also seeks "$2,050.00 judgment for attorney fees and court costs[.]" *Id.*

{¶ 5}   On November 27, 2023, appellees filed their answer denying any liability to appellant on any of the claims. It is undisputed that appellees worked on the Car and charged $1,275.00 for the repairs.

{¶ 6}   On May 13, 2024, appellees filed a motion for summary judgment and a memorandum in support. The memorandum in support included an affidavit from appellee McMullen.

---

[1] The defamation count is predicated on appellee McMullen's response to a letter that he received from appellant's former counsel in a nearly identical prior case, which appellant dismissed before refiling the complaint in the instant matter.  (May 13, 2024 Memo in Support of Defs' Mot. for Summ. Jgmt. at 2.)

{¶ 7} On June 7, 2024, appellant filed a brief request that the court deny the motion for summary judgment, indicating that she "has submitted all supporting evidences and a list of witnesses that will come forth to testify on behalf of all of the allegations contained in [appellant's] Complaint." (Sic passim.) (June 7, 2024 Pl. Req. to Deny Defs' Mot. for Summ. Jgmt. at 1.) Notably, appellant did not submit any affidavits of any of the witnesses to which she alluded in her request for denial of the motion. The trial court did not rule on the motion for summary judgment.

{¶ 8} On June 18, 2024, appellant requested that subpoenas be issued for three witnesses: Jason Mills, Joe Leach, and Sterling Gill, Esq. According to the record of the trial court's docket, all three subpoenas were duly served. On July 18, 2024, Mr. Gill filed a motion to quash the subpoena based upon the fact that he had previously acted as appellant's attorney in the matter, and he was concerned about his testimony potentially requiring him to disclose privileged matter. (*See* July 18, 2024 Mot. to Quash at 2.) The trial court did not rule on the motion to quash.

{¶ 9} On July 29, 2024 the matter came on for trial as scheduled. Appellant then asked the court to continue the trial date because two of the three witnesses she had subpoenaed had failed to appear to testify. Counsel for appellees opposed the motion based on the facts that they were prepared for trial and had no prior notice that appellant planned to request a continuance. Counsel also pointed out that appellant had filed and then dismissed two prior cases involving the same subject matter.

{¶ 10} The trial court then noted that "[t]he two previous cases that involved these parties were 2021 CVF 30339 and 2022 CVF 11421. They were both dismissed prior to a trial happening, but they are three years old, and the subject matter of the case that's involved today is actually closer to four years old." (July 29, 2024 Tr. at 5-6.) The court further noted the case had been set for trial for "a couple of months" and that it was inclined to deny the request for continuance. The trial court then gave appellant the opportunity to further explain why she wanted a continuance.

{¶ 11} Appellant proceeded to state on the record as follows:

> I did subpoena expert mechanics. One of the mechanics unexpectedly -- Well, he actually broke his foot, maybe, three months ago; and he was informed by his surgeon that today he would be going back to have the plates and the pins

repositioned in his foot.  We -- Neither of us expected it.  He intended to come; but, of course, that took priority over this.

(Tr. at 6.)  Notably, appellant did not provide any information as to when specifically this witness had learned from his surgeon that he needed to have the foregoing procedure done on the same day that the trial was scheduled.[2]

{¶ 12} Regarding the second witness who did not appear, appellant provided the following information for the court:

The other witness, who also had knowledge of the car and the damage that has been done to the car, has also worked on the car prior to Mr. McMullens [sic] getting it, also knows the state of the car for the last year.  His testimony is critical.

(Tr. at 6.)  Appellant did not provide any explanation for why this second witness did not appear and concluded by stating that she "really would like the opportunity to have my witnesses to come forth and substantiate the allegations set forth in my complaint[.]"  (Tr. at 7.)

{¶ 13} The trial court denied appellant's request to continue the trial, explaining its reasoning as follows:

[A]s I stated before we were on the record . . . I believe I need to be fair to both sides.  While I understand that it puts you at a disadvantage to not have these potential witnesses, I also have to acknowledge that this is the third case that's been filed, that it is four years ago that this transaction happened; and when I put all that together, I just can't in good conscience believe that another continuance is justified.

(Tr. at 7).  The trial proceeded as scheduled and appellant, appellee McMullen (on his own behalf and on behalf of ASR), and Mr. Gill[3] testified at trial.

{¶ 14} On September 3, 2024, the trial court issued its decision and judgment entry granting judgment in favor of appellees on all claims asserted in the complaint, finding that "Paul McMullen's credible testimony that the repairs were done properly carried weight that successfully rebutted [appellant's] allegations.  Because she failed to prove liability on the part of [appellees], the complaint must be and is dismissed."  (Sept. 3, 2024 Decision

---

[2] Presumably, it was not the morning of trial.

[3] Mr. Gill testified only after the trial court explained to appellant that having him testify would waive her attorney-client privilege on any matters to which he testified, and appellant stated she waived the privilege.

and Jgmt. Entry at 2.)  The trial court also explained in its decision and judgment entry its reasoning for its denial of a trial continuance thus:

> Plaintiff asked for a continuance based on the non-appearance of two of the three witnesses she had subpoenaed to testify. Defendant objected to the continuance for several reasons—the case related to a transaction from more than 4 years ago, Plaintiff had filed two previous lawsuits over the matter but dismissed each action before trial, and the Defendant had retained counsel, negotiated with Plaintiff toward a settlement without success, and appeared for trial ready to go forward without any advance notice of a continuance request by Plaintiff. Given the entirety of the circumstances, the court concluded it would not be reasonable to delay the matter further and Plaintiff's request for a continuance therefore was denied.

(Sept. 3, 2024 Decision and Jgmt. Entry at 1.)

{¶ 15}  This timely appeal followed.

## II.  Assignments of Error

{¶ 16}  Appellant assigns the following errors for our review:

> [1.]    By denying the Plaintiff's request for a Continuance, the Trial Court Erred by not considering the standard for what constitutes "good cause" to grant a continuance as established by "Ungar v. Sarafite" (376 U.S. 575) And Ohio Civil Rules 41 and 45.

> [2.]    The trial court's denial of the Plaintiff's request for a continuance was contrary to the standards set out by the Ohio Supreme Court for refiled cases dismissed, but then refiled "Without Prejudice". (see Wilson v. Duwani, 164 Ohio St. 3rd 419; And McCullough v. Bennett (Slip Opinion No. 2024-Ohio-2783) And RC 2305.19(A)

(Sic passim.)

## III.  Discussion

{¶ 17}  Appellant's assignments of error are interrelated in that they both assert, in essence, that the trial court erred by denying appellant's request for a trial continuance. Therefore, we address them together.  As explained below, we find no merit in appellant's contention.

{¶ 18}  A trial court has broad discretion in ruling on a motion to continue a trial date.  *Lee v. Jackson*, 2017-Ohio-8296, ¶ 7 (10th Dist.), citing *Morgan v. Ohio State Univ.*

*College of Dentistry*, 2014-Ohio-1846, ¶ 53 (10th Dist.); *State v. Unger*, 67 Ohio St.2d 65, 67 (1981) ("The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge."). Thus, we review a trial court's determination of a motion to continue a trial date for an abuse of discretion. *Lee* at ¶ 7.

{¶ 19} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Internal quotations omitted.) *Brim v. Brim*, 2022-Ohio-2596, ¶ 30 (10th Dist.). Our review weighs " 'potential prejudice to the movant against the court's right to control its docket and the public's interest in the efficient dispatch of justice.' " *Id.* at ¶ 31, quoting *In re K.J.*, 2018-Ohio-471, ¶ 17 (10th Dist.). Courts deciding on a motion to continue a trial date consider the following factors: (1) the length of the delay requested; (2) whether there were other continuances or requests; (3) inconvenience to litigants, witnesses, opposing counsel, and the court; (4) whether the requested continuance is legitimate or rather dilatory or contrived; (5) whether the movant contributed to the need for a continuance; and (6) other factors unique to the facts of each case. *Id.*, citing *Unger* at 67-68.

{¶ 20} Here, the record shows the trial court considered the factors identified in *Unger*. First, the court explained that this was a long-pending case. Second, the court noted that two previous cases had been filed by appellant and had been dismissed before trial. Third, the court noted that the trial had been scheduled for two months. Finally, the court emphasized that appellees had retained counsel, negotiated with appellant toward a settlement (unsuccessfully), and appeared for trial ready to go forward without any advance notice of a continuance request by appellant made on the day of the trial. The court reasonably found that in considering the entirety of the circumstances, a trial continuance was not reasonable. We agree with the trial court.

{¶ 21} Furthermore, we feel compelled to point out that any negative impact to appellant by the trial court's denial of her motion to continue the trial was entirely avoidable by appellant herself. As set forth in the facts above, appellees filed a motion for summary judgment and supported it with an affidavit from Mr. McMullen. Nothing prevented appellant from doing the same thing with her own witnesses—that is, she could easily have

procured an affidavit from each of the witnesses (who subsequently failed to appear at trial) and included those affidavits with her own memorandum in opposition to the motion for summary judgment. Had she done so, the trial court would have been able to consider the each of the witnesses' testimony. The fact that she failed to take this rather elementary step should not have the result of penalizing appellees who came to trial prepared to go forward with no advance notice that appellant planned to ask for a continuance. Under these circumstances, the right of the court to control its docket and the right of appellees to the efficient dispensation of justice outweighed any prejudice to appellant. *See Brim* at ¶ 30.

{¶ 22} In short, the trial court thoroughly explained its reasons for denying appellant's request for a trial continuance and we find those reasons more than sound. We find no abuse of discretion in the trial court's decision to deny her request for a trial continuance.

{¶ 23} Accordingly, based on the foregoing, appellant's assignments of error are overruled.

## IV. Disposition

{¶ 24} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.

_____