[Cite as *Columbus v. S. Village Med. Ctr., L.L.C.*, 2026-Ohio-2159.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 25AP-588 |
| v. | : | (M.C. No. 2016 EVH 60013) |
| South Village Medical Center, LLC et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants, | : | |
| (Jose Villavicencio, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on June 9, 2026

**On brief:** *Zachary M. Klein*, City Attorney, *Christopher C. Clark,* and *Robert R. Doersam,* for appellee City of Columbus, Ohio. **Argued:** *Robert R. Doersam.*

**On brief:** *Allen Stovall Neuman & Ashton LLP, Rick L. Ashton, James A. Coutinho, Lindsay M. Nelson,* and *Andrew D. Rebholz,* for appellee New Perspective Asset Management, LLC. **Argued:** *James A. Coutinho.*

**On brief:** *Jose Villavicencio*, pro se.

APPEAL from the Franklin County Municipal Court

BOGGS, P.J.

{¶ 1} Defendant-appellant, Jose Villavicencio, appeals the June 16, 2025 order of the Franklin County Municipal Court Environmental Division, appointing a receiver over real property located at 1660-1668 Parsons Avenue and 445-451 Morrill Avenue in Columbus, Ohio, pursuant to R.C. Ch. 2735. For the following reasons, we affirm the trial court's judgment.

## I.  PROCEDURAL HISTORY AND FACTS

{¶ 2}   Plaintiff-appellee, City of Columbus, Ohio, brought five separate cases concerning various properties in the city, including 1660-1668 Parsons Avenue and 445-451 Morrill Avenue ("the parcel").  Villavicencio is not the owner of the parcel, but he claims an interest in the entity that owns it.  The cases were consolidated based on overlapping ownership.  According to the city, the buildings located on the parcel were in violation of R.C. 3767.41 and the Columbus City Code, as the owners had failed to adequately maintain the property, creating a hazard to public health, welfare, and safety.  On July 14, 2022, the city, the owner, and Villavicencio entered an Agreed Permanent Injunction and Contempt finding wherein the owner and Villavicencio agreed to bring the property into compliance with the Columbus City Code.

{¶ 3}   On March 28, 2025, the city filed a motion to appoint a receiver over the parcel and recommended that New Perspective Asset Management, LLC be named as receiver.  In its motion, the city argued that while the parcel was in compliance for a while after the 2022 agreement, the owner later failed to comply with the trial court's order requiring the nuisance to be abated.  The trial court set the motion for a hearing on April 16, 2025.  On April 10, 2025, Villavicencio requested a continuance to retain legal counsel and prepare for the hearing.  On April 15, 2025, the trial court granted Villavicencio's request, stating:

> After review of the Motion, the Court finds that a continuance is proper under the facts. The Court hereby notifies the parties that this is a *one-time* continuance. The Court orders counsel for the parties to be prepared to proceed with the Motion Hearing on April 30, 2025. No further continuances will be granted related to this hearing.

(Emphasis in original.)  (Order at 1.)

{¶ 4}   However, before the hearing could take place, Villavicencio filed an affidavit of disqualification with the Supreme Court of Ohio, alleging that Municipal Court Judge Stephanie Mingo exhibited bias and prejudice in the proceedings regarding the parcel. Villavicencio requested that Judge Mingo be disqualified from the proceeding under R.C. 2701.03.  On April 30, 2025, the trial court stayed all proceedings until the resolution of the affidavit of disqualification.  On April 24, 2025, the Supreme Court denied Villavicencio's

affidavit of disqualification as it failed to comply with Ohio law. Villavicencio filed a second affidavit of disqualification on May 5, 2025, which the Supreme Court denied on May 7, 2025, finding that Villavicencio had not established that Judge Mingo's disqualification was warranted. Villavicencio filed another affidavit of disqualification with the Supreme Court of Ohio on June 5, 2025, which the Supreme Court again denied.

{¶ 5} On May 15, 2025, after all of Villavicencio's affidavits of disqualification had been dispensed with, the trial court served a notice to all parties that it would hold a hearing on the city's motion to appoint a receiver on June 16, 2025.

{¶ 6} In his brief to this court, Villavicencio states that he and his counsel contacted a secretary for the Franklin County Municipal Court, Environmental Division, on June 11, 2025. Villavicencio states that "[d]uring that conversation, the court's secretary explicitly informed them that the June 15[1], 2025 hearing had been postponed and rescheduled for August 26, 2025 due to the absence of the judge." (Appellant's Brief at 3.) Villavicencio states that he again called the court clerk's office on the morning of June 15, 2025 and that, "[t]o his surprise, he was told that the information provided days earlier was incorrect and that the hearing was proceeding as scheduled in a matter of hours." *Id.* Villavicencio also stated in his brief that he orally moved the trial court for a continuance but was denied.

{¶ 7} On June 16, 2025, the trial court held the hearing on the city's motion to appoint a receiver over the parcel. Neither Villavicencio nor his counsel was in attendance. The court heard testimony from Steven Glasgow with the city of Columbus's Code Enforcement Division and Dana Milligan from New Perspective Asset Management, LLC. The court stated, "The Court finds an appointment of a receiver is an appropriate remedy for the execution of judgment in this case and to assure that the nuisance at the property can eventually be abated." (June 16, 2025 Tr. at 29.)

{¶ 8} In his brief to this court, Villavicencio states that, by the time he arrived at the courthouse on June 16, 2025, the hearing had already concluded.

{¶ 9} On July 7, 2025, Villavicencio filed a "motion under Ohio Rule of Civil Procedure 60(b) for relief from judgment," urging the trial court to set aside the receivership order and allow him a "full opportunity for representing his cas[e] as protected

---

[1] We note that Villavicencio repeatedly states the date of June 15, 2025 in reference to the hearing where the trial court issued an order appointing a receiver, which took place on June 16, 2025.

by ORC 3767.41," which he claims he was denied due to the scheduling mishap. (Mot. at 4). On July 16, 2025, before the trial court made a determination on Villavicencio's Civ.R. 60(B) motion, Villavicencio filed the present appeal of the order appointing a receiver of the parcel.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Villavicencio argues the following assignments of error:

[1.] The trial court erred and abused its discretion by denying appellants' motion for a continuance and proceeding with the receivership hearing, thereby violating appellants' constitutional right to procedural due process.

[2.] The trial court erred by failing to rule on appellants' timely filed civil rule 60(B) motion for relief from judgment.

[3.] The trial court's judgment appointing a receiver was against the manifest weight of the evidence and constituted an abuse of discretion.

[4.] The trial court erred by considering evidence obtained in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 14 of the Ohio Constitution.

[5.] The trial court erred by allowing a 2735 (Page 25, Transcript), which basically deprives the property owners of their right of redemption.

## III.  DISCUSSION

{¶ 11} Before we turn to Villavicencio's individual assignments of error, we first consider whether, as the city argues, he has waived his arguments by not raising these issues before the trial court.

{¶ 12} Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court. *See J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 2014-Ohio-1963, ¶ 19 (10th Dist.) ("Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal.  Thus, issues not raised in the trial court are forfeited on appeal."); *Bell v. Teasley*, 2011-Ohio-2744, ¶ 15 (10th Dist.) ("Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal.").  Villavicencio's assignments of error pertaining to the appointment of a

receiver being against the manifest weight of the evidence and an abuse of discretion, allegations of an illegal search, and that the city precluded his right to redemption are all being raised for the first time on appeal. Villavicencio had the opportunity to present these arguments before the trial court had he attended the hearing on the motion to appoint a receiver, or alternatively, or additionally, by submitting a brief to the trial court cataloguing his arguments, but did not do so. We therefore decline to address his third, fourth, and fifth assignments of error.

{¶ 13} In Villavicencio's first assignment of error, he argues that the trial court abused its discretion by denying his motion for a continuance of the June 16, 2025 hearing. We do not agree. A trial court has broad discretion in ruling on a motion for continuance. *Lee v. Jackson*, 2017-Ohio-8296, ¶ 7 (10th Dist.), citing *Morgan v. Ohio State Univ. College of Dentistry*, 2014-Ohio-1846, ¶ 53 (10th Dist.); *State v. Unger*, 67 Ohio St.2d 65, 67 (1981) ("The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge."). Courts deciding a motion to continue a trial date consider the following factors: (1) the length of the delay requested; (2) whether there were other continuances or requests; (3) inconvenience to litigants, witnesses, opposing counsel, and the court; (4) whether the requested continuance is legitimate or rather dilatory or contrived; (5) whether the movant contributed to the need for a continuance; and (6) other factors unique to the facts of each case. *Unger* at 67-68.

{¶ 14} We find no abuse of discretion by the trial court in denying Villavicencio's request for a continuance of the June 16, 2025 hearing. The trial court had explicitly stated in its first continuance that no further continuances would be granted and the proceedings had been delayed by Villavicencio's successive, yet unsuccessful, disqualification affidavits. We can also find no evidence in the record, beyond Villavicencio's allegations, that an unnamed court employee told him the hearing had been continued when it in fact had not. Without an affidavit to corroborate Villavicencio's claims we do not find an abuse of discretion and overrule his first assignment of error.

{¶ 15} We similarly reject Villavicencio's assignment of error that the trial court erred in failing to rule on his Civ.R. 60(B) motion. Villavicencio's Civ.R. 60(B) motion was filed on July 7, 2025 and this appeal was filed on July 16, 2025. As a general rule, the filing of a notice of appeal divests the trial court of jurisdiction over those aspects of the case on

appeal. *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 1994-Ohio-219. Accordingly, we overrule Villavicencio's second assignment of error.

## IV.  CONCLUSION

{¶ 16}  Having declined to address Villavicencio's third, fourth and fifth assignments of error and overruled his first and second assignments of error, we affirm the judgment of the Franklin County Municipal Court.  We deny all pending motions.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.